IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GENE PHILLIPS, | No. CIV S-06-2727-FCD-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on December 4, 2006.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names as defendants California governor Arnold Schwarzenegger and "Director of Corrections." Plaintiff alleges:

> Arnold Schwarzenegger as Governor and the Director of Corrections along with all parties responsible for policy of hiring illegal immigrants to who [sic] they provide; 'Pay Number,' Worker Compensation benefits, and special priviledges. [sic]
>
> The California Department of Corrections and Rehabilitation acting under color of law are [sic] committing an illegal act when they employ illegal immigrants.
>
> The California Department of Corrections and Rehabilitation acting under color of law discriminates against serving a 80% sentence under Calif. Penal Code § 1170.12 by placing those inmates on a separate waiting list for work assignments.

This is the entirety of plaintiff's statement of his claim. In his request for relief, plaintiff also states:

> INJUNCTIVE RELIEF: prohibiting the California Department of Corrections and Rehabilitation from discriminating against those persons serving a 80% sentence . . . by placing all inmates desiring work assignment on the same waiting list.

Plaintiff also seeks an injunction prohibiting the California Department of Corrections and Rehabilitation from hiring illegal immigrants. In addition to injunctive relief, plaintiff seeks monetary damages.

1    It appears that plaintiff is challenging an alleged California Department of
2 Corrections and Rehabilitation policy of hiring illegal aliens and giving them certain benefits.
3 As to this claim, plaintiff has not alleged how such a policy has caused <u>him</u> to suffer a violation
4 of any right guaranteed <u>to him</u> by the Constitution or any federal law.  As to plaintiff's
5 allegations concerning 80% sentences, while they suggest an equal protection claim, the
6 allegations are not consistent.  On the one hand, plaintiff states that persons serving 80%
7 sentences are on a separate waiting list for work assignments.  On the other hand, plaintiff also
8 alleges that all inmates desiring work are placed on the same waiting list.  If, as plaintiff asserts,
9 inmates serving 80% sentences are on a different waiting list, then it would be impossible for all
10 inmates to the on the same waiting list, as plaintiff also alleges.

11    Because it is possible that the deficiencies identified in this order may be cured by
12 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
13 action.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
14 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
15 <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
16 amend, all claims alleged in the original complaint which are not alleged in the amended
17 complaint are waived.  See <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
18 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
19 plaintiff's amended complaint complete.  <u>See</u> Local Rule 15-220.  An amended complaint must
20 be complete in itself without reference to any prior pleading.  See <u>id.</u>

21    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
22 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
23 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
24 each named defendant is involved, and must set forth some affirmative link or connection
25 between each defendant's actions and the claimed deprivation.  See <u>May v. Enomoto</u>, 633 F.2d
26 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

1 | Finally, plaintiff is warned that failure to file an amended complaint within the
2 | time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
3 | 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
4 | comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
5 | 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
6 |     Accordingly, IT IS HEREBY ORDERED that:
7 |     1.    Plaintiff's complaint is dismissed with leave to amend; and
8 |     2.    Plaintiff shall file a first amended complaint within 30 days of the date of
9 | service of this order.

DATED:  December 8, 2006.

                                        /s/ Craig M. Kellison
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE