1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   DONALD GENE PHILLIPS,              No. CIV S-06-2727-FCD-CMK-P
12               Plaintiff,
13        vs.                          FINDINGS AND RECOMMENDATIONS
14   ARNOLD SCHWARZENEGGER,
     et al.,
15
               Defendants.
16
     _____/
17
18          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant
19   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 10).
20          The court is required to screen complaints brought by prisoners seeking relief
21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.
22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or
23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
24   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,
25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain
26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

                                           1

This means that claims must be stated simply, concisely, and directly. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  <u>See</u> <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  BACKGROUND

Plaintiff names as defendants Arnold Schwarzenegger, the Governor of the State of California, and the California Department of Corrections and Rehabilitation.  The gravamen of the amended complaint is that, by placing prisoners who are also illegal immigrants into job positions, the California Department of Corrections and Rehabilitation is denying those positions to legal citizens, like plaintiff.  Specifically, plaintiff alleges:

> In essence the policy of employing and assigning illegal immigrants is not only against Federal and State Law(s), Statute(s), and Mandate(s).  It is rewarding those persons who have entered the United States illegally.  Providing monetary benefits, education and special privileges to persons who not only violated federal law by entering the United States illegally, but doing so only to commit violation(s) of State Law resulting in incarceration in State Prison.

Plaintiff states that this "policy" has resulted in the benefits of work assignments as well as educational and vocational assignments being unavailable to plaintiff.

Plaintiff also alleges that some inmates are required to serve 80% of their sentences, while others are required to serve 50%.  He states that inmates required to serve 50% are given preferential treatment in job assignments and the like and that this is a violation of his equal protection rights.

Plaintiff seeks permanent injunctive relief as well as monetary damages.

## II.  DISCUSSION

The amended complaint suffers from a number of fatal defects.  In particular, plaintiff cannot state a claim under § 1983 based on the alleged hiring of illegal aliens because federal immigration law contains remedial provisions which foreclose a private civil rights action.  As to plaintiff's purported equal protection claim, plaintiff has not alleged that he is being treated differently than similarly situated inmates, nor has plaintiff alleged racial discrimination.  With respect to the named defendants, the California Department of Corrections and Rehabilitation is immune from suit and plaintiff has not sufficiently alleged a nexus between any alleged constitutional or statutory violation and defendant Schwarzenegger.

### A.  Hiring Illegal Aliens

It is possible that § 1983 can provide a cause of action against persons acting under color of state law who have violated rights guaranteed by federal statutes.  See Blessing v. Freestone, 520 U.S. 329, 340-41 (1997).  However, where the federal statutes at issue contain provisions for criminal penalties, judicial review, or administrative proceedings, the Supreme Court has found that such remedial schemes are sufficiently comprehensive to foreclose an independent § 1983 claim.  See Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 521-22 (1990).  The federal immigration statutes prohibiting the hiring of illegal aliens provide for criminal penalties as well as administrative review.  Therefore, the remedial scheme forecloses plaintiff's § 1983 claim as a matter of law.

### B.  Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also

3

1   protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio,

2   125 F.3d 732, 737 (9th Cir. 1997).  In order to state a § 1983 claim based on a violation of the

3   Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants

4   acted with intentional discrimination against plaintiff, or against a class of inmates which

5   included plaintiff, and that such conduct did not relate to a legitimate penological purpose.  See

6   Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims

7   may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740

8   (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins.

9   Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998,

10   1010 (9th Cir. 1985).

11          Plaintiff's purported equal protection claim fails for at least two reasons.  First, he

12   does not allege that he is being treated differently than similarly situated inmates (i.e., those who

13   must complete 80% of their sentences).  Second, nothing in plaintiff's allegations suggest racial

14   discrimination.

15          **C.    Immunity**

16          Plaintiff names as a defendant the California Department of Corrections and

17   Rehabilitation, the state agency responsible for incarceration of prisoners in California.  The

18   Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by

19   its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley

20   Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states

21   themselves, and to suits against state agencies.[1]  See Lucas v. Dep't of Corr., 66 F.3d 245, 248

22   (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

23   / / /

24

25          [1]     A state's agency responsible for incarceration and correction of prisoners is a
    state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782
26   (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

4

### D.  **Supervisory Liability**

Plaintiff names as a defendant California Governor Arnold Schwarzenegger in his supervisory capacity.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them.  See id.   When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff does not allege any causal link between a cognizable constitutional or statutory violation and defendant Schwarzenegger.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive

1  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2

3  DATED:   May 23, 2007.

4

5                                                    CRAIG M. KELLISON

6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26